No. 31,616

W. H. BEOUGHER, *Appellee*, v. THE SHELLABARGER MILL & ELEVATOR COMPANY, *Appellant*.

(36 P. 2d 975)

Opinion filed November 3, 1934.

*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellant.
*W. L. Sayers,* of Hill City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover for wheat alleged to have been stored in an elevator belonging to appellant and thereafter sold to the appellant.

At the first trial judgment was rendered for plaintiff. A new trial was allowed, and this appeal is from a judgment in plaintiff's favor.

On behalf of plaintiff it was shown that about the middle of December, 1929, plaintiff arranged with defendant's agent, Reuschoff, to store 1,000 to 1,200 bushels of wheat at defendant's elevator at Grinnell, the charges to be made being agreed on, and on December 28 and 30 plaintiff delivered 1,168 bushels of grade 2 wheat testing 58 and 59. At the time the arrangement for storage was made it was agreed that if plaintiff sold defendant his wheat settlement would be made at market price and that defendant would compete with other elevators in Grinnell. On the evening of December 28 plaintiff had a further conversation with Reuschoff in which

Reuschoff asked what plaintiff wanted for his wheat, and plaintiff replied $1.10 per bushel and that when wheat reached that price it was defendant's wheat, to which Reuschoff replied: "I will remember that and it will be all right." On December 31, 1929, and on January 2, 1930, wheat of like quality and grade was being purchased at the other elevators in Grinnell for $1.10 per bushel and plaintiff went to defendant's elevator and saw defendant's agent Blizzard, who told plaintiff he would have to see Reuschoff, but Reuschoff was sick on both occasions and he did not see him. A few days later he saw Reuschoff, who said $1.09 per bushel was all he could pay. Although defendant's answer alleged as a defense that the wheat had been stored and that it was agreed defendant would accept the wheat and pay the market price prevailing at its elevator at Grinnell on any future date plaintiff might elect, that plaintiff had never given any notice he desired to accept payment for the wheat at the market price prevailing at such time at such elevator, and that at no time since delivery of the wheat had wheat of the same kind and grade reached a price of $1.10 per bushel at said elevator, and other allegations not necessary to note, Reuschoff's testimony was that he didn't recall saying anything about meeting competition; that after the wheat was delivered plaintiff wanted to settle at $1.10 per bushel, and Reuschoff told him the only price he had was $1.07 and offered to knock off his commission of two cents per bushel, but plaintiff would not accept. On cross-examination he could not recall that plaintiff had told him when wheat reached $1.10 per bushel it was defendant's wheat, but the plaintiff did say he wanted to sell when wheat reached $1.10 per bushel. The matter was finally submitted to the jury on instructions which covered both the plaintiff's and defendant's theories of the transaction. Sixteen special questions were submitted, the answers to which may be summarized as follows: That plaintiff stored the wheat on the agreed terms; that Reuschoff agreed defendant would purchase the wheat and would compete with other elevators in Grinnell; that if wheat reached a market price of $1.10 per bushel in Grinnell said wheat should be accepted by defendant at that price; that on December 31, 1929, and January 2, 1930, the market price of the wheat delivered was $1.10 per bushel; that defendant was indebted to plaintiff for $1,284.80 for wheat and $249.91 for interest. There are other findings not here material. The general verdict was for the plaintiff, and judgment was rendered

in his favor. Defendant's various motions for judgment notwithstanding the general verdict, to set aside certain answers to special questions and for a new trial were denied, and it appeals.

Appellant recognizes the force of the findings against it and argues that the court's instructions did not fairly submit the question as to whether the price of the wheat was to be determined by the price paid at defendant's elevator in Grinnell or by the market price in the town of Grinnell. This argument is based on a claim that competing with elevators in Grinnell was mentioned only when the original arrangement for storage and sale was made and was not referred to in the later conversation where plaintiff told defendant that when wheat reached $1.10 per bushel it was defendant's wheat. It is not clear from the abstract that the contention has a substantial basis as a matter of evidence, but assuming that competition was mentioned in the first conversation and not in the second, there is no inconsistency. Sale of wheat was contemplated in both conversations. Defendant did not object to the instructions when given, nor did it ask for any other instruction than those given. We have examined the instructions as given and they fairly present the issues between the parties. Essentially this was a fact case. The jury has resolved the matter in favor of the plaintiff, and the trial court has approved the verdict and rendered judgment thereon.

No error appearing, the judgment of the lower court is affirmed.